UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24cv60034

**DHAANWATIE BHAGWANDIN**,

    Plaintiff,

v.

                      **JURY TRIAL DEMANDED**

**LAW OFFICES OF ROBERT P. FRANKEL PA**,

    Defendant.

_____/

## COMPLAINT

Plaintiff Dhaanwatie Bhagwandin ("Plaintiff") sues Law Offices of Robert P. Frankel PA ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

### PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a Florida professional association, with its principal place of business located in Plantation, Florida.

### DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

6. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7. The Consumer Debt represents a negotiated compensation package between the original creditor of the Consumer Debt, Citi National Bank, and Plaintiff (the "Subject Service"), whereby said compensation package was for Plaintiff's unilateral towards personal, family, and household expense.

8. The Subject Service was primarily for personal, family, or household purposes.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engages in the business of collecting consumer debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

13. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

14. On April 10, 2023, Defendant communicated with Plaintiff in connection with the Consumer Debt (the "First Communication"). Attached as Exhibit "A" is a copy of the First Communication.

15. The First Communication represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

16. The First Communication is an attempt to collect a debt by Defendant on behalf of Citi National Bank.

17. The First Communication demands Plaintiff pay $11,900.00 within seven (7) days of the date of the letter.

18. Defendant fails to identify itself as a debt collector in the First Communication.

19. Defendant fails to disclose in the First Communication that any information obtained will be used for debt collection purposes.

20. The First Communication overshadows the right to dispute the Consumer Debt, as guaranteed by 15 U.S.C. § 1692g(a), by demanding payment within seven (7) days of the date of the First Communication.

21. Defendant is required to provide Plaintiff with a written noticing containing the information set forth under 15 U.S.C. § 1692g(a) either within the First Communication or within five (5) days of the First Communication.

22. Defendant failed to provide Plaintiff with a written notice containing the information set forth under 15 U.S.C. § 1692g(a).

23. On June 14, 2023, Defendant sent Plaintiff a letter in an attempt to collect the Consumer Debt (the "Second Communication"). Attached as Exhibit "B" is a copy of the Second Communication.

24. Defendant fails to identify itself as a debt collector in the Second Communication.

25. Defendant fails to disclose in the Second Communication that any information obtained will be used for debt collection purposes.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692g and § 1692e

26. Plaintiff incorporates by reference ¶¶ 6-25 of this Complaint.

27. Section 1692g(a) of the FDCPA requires that a debt collector send the consumer a written notice containing the information set forth under § 1692g(a)(1)-(5) of the FDCPA either

within Defendant's initial communication with the consumer in connection with the collection of a debt or within five (5) days of Defendant's initial communication with the consumer in connection with the collection of a debt. *See* 15 U.S.C. § 1692g(a). Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

28. Here, the First Communication was Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt. As a result, Defendant was required to provide Plaintiff with written notice of the information contained under § 1692g(a) of the FDCPA either within the First Communication or within five (5) days of the First Communication.

29. The First Communication did not properly disclose the information required by § 1692g(a)(1)-(5) of the FDCPA and Defendant failed to provide Plaintiff with written notice of the information contained under § 1692g(a) of the FDCPA within five (5) days of the First Communication. Thus, by failing to provide Plaintiff with sufficient notice of the information contained under § 1692g(a)(3)-(5) of the FDCPA, Defendant violated § 1692g and § 1692e of the FDCPA.

30. WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant awarding the following relief:

(a) Actual damages as provided by 15 U.S.C. § 1692k;

(b) Statutory damages as provided by 15 U.S.C. § 1692k;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## **VIOLATION OF 15 U.S.C. § 1692g(b)**

31. Plaintiff incorporates by reference ¶¶ 6-25 of this Complaint.

32. Pursuant to § 1692g(b) of the FDCPA, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." *See* 15 U.S.C. § 1692g(b).

33. The First Communication overshadows Plaintiff's right to dispute the Consumer Debt under § 1692(g)(a)(3)-(5) of the FDCPA. As stated above, the First Communication triggers Plaintiff's right to dispute the Consumer Debt within thirty (30) days of Plaintiff's receipt of the First Communication. 15 U.S.C. § 1692g(a). The First Communication violates § 1692g(b) of the FDCPA because the First Communication demands payment from Plaintiff within seven (7) days and said seven (7) day deadline ends several weeks *before* the end of the thirty (30) day dispute period afforded to Plaintiff by § 1692g(a)(3)-(5) of the FDCPA.

34. WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant awarding the following relief:

    (a)    Actual damages as provided by 15 U.S.C. § 1692k;

    (b)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1692e(11)

35. Plaintiff incorporates by reference ¶¶ 6-25 of this Complaint.

36. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The

sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

37. The First Communication and Second Communication are each attempt to collect the Consumer Debt from Plaintiff by Defendant. Defendant failed to disclose that it (Defendant) was a debt collector attempting to collect a debt, as well as failed to disclose that any information obtained will be used for debt collection purposes, in both the First Communication and Second Communication.

38. As such, Defendant violated § 1692e(11) of the FDCPA by failing to disclose that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose in the First Communication. Defendant, additionally, violated § 1692e(11) of the FDCPA by failing to disclose in the Second Communication that it (the Second Communication) was a communication from a debt collector.

39. WHEREFORE, Plaintiff requests this Court to enter judgment against Defendant awarding the following relief:

    (a)    Actual damages as provided by 15 U.S.C. § 1692k;

    (b)    Statutory damages as provided by 15 U.S.C. § 1692k;

    (c)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

DATED: January 8, 2024

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    561-542-8550

*COUNSEL FOR PLAINTIFF*