UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.: 24-cv-60034-KMW

DHAANWATIE BHAGWANDIN,

     Plaintiff,

v.

LAW OFFICES OF ROBERT P. FRANKEL,
P.A.,

     Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

     **COMES NOW** Defendant, LAW OFFICES OF ROBERT P. FRANKEL, P.A., by and through its undersigned counsel, and pursuant to the Fed. R. Civ. P. 12(b)(6) and the Federal Rules of Civil Procedure and supporting authority, hereby moves to dismiss Plaintiff's First Amended Complaint [D.E. 11]. In support thereof, the Defendant states as follows:

**I.**     **SUMMARY OF ARGUMENT**

     All claims brought against the Defendant in this matter should be dismissed for failing to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). On January 8, 2024, the Plaintiff filed her Original Complaint in this matter alleging that the Defendant violated several sections of 15 U.S.C. §1692 when the Defendant began communicating with her in relation to a retention/recognition bonus of $11,900. (D.E.1)

     On February 2, 2024, we filed our Motion to Dismiss the Plaintiff's Complaint. In our Motion, argued that the Plaintiff failed demonstrate standing, due to her failure to plead a concrete

injury arising out of the Defendant's alleged violation of §1692, and the applicable subsections, of the Fair Debt Collection Practices Act. ("FDCPA"). Even if the Plaintiff did plead that she suffered a concrete injury, the retention/recognition bonus in this case certainly does not fall within the definition of consumer debt pursuant to 15 U.S.C. §1692a (5). Moreover, the Plaintiff's own Exhibits which are attached to the Original Complaint and the First Amended Complaint, clearly contradict the allegations that the retention bonus is a Consumer Debt Pursuant to 15 U.S.C. §1692a (5).

In response, the Plaintiff filed her First Amended Complaint on February 13, 2024, against this Defendant for the same violations of the FDCPA. Within the First Amended Complaint, the Plaintiff attempts to now characterize the retention bonus as a *consumer debt* and attempts to establish some sort of concrete injury suffered by the Plaintiff by alleging loss of sleep, lost time and travel costs incurred. Despite the Plaintiff's best efforts to re-categorize the subject transaction, the core documents that this Defendant is being sued on, clearly plead the matter as an employment bonus, which completely negate the allegations of the First Amended Complaint. Therefore, the Plaintiff's First Amended Complaint should be dismissed in its entirety, with prejudice.

## II.   <u>FACTUAL BACKGROUND</u>

1. On January 8, 2024, the Plaintiff filed her Original Complaint against the Defendant, regarding her acceptance of a recognition bonus in the amount of $11,900.00 from her former employer, City National Bank of Florida ("CNB").[1] (D.E. 1)

2. According to the Original Complaint, the Consumer Debt represents a negotiated compensation package between herself and CNB, which was for her personal, family and household expenses. (D.E. 1)

---

[1] In addition to the instant lawsuit, the Defendant on behalf of its client, City National Bank of Florida, filed a separate state Court lawsuit on September 11, 2023, against the Plaintiff to recover the bonus and which remains ongoing.

3.   However, the Plaintiff's Exhibit 1-1, which is attached to the Original Complaint, contradicts that allegation of the Plaintiff's Complaint. (D.E. 1)

4.   Exhibit 1-1 of the Plaintiff's Original Complaint is a letter the Defendant sent to the Plaintiff for the first time in connection with the retention bonus, ("First communication"). (D.E. 1-3)

5.   Specifically, Exhibit 1-1 of the Plaintiff's Original Complaint states the following:

> I represent your former employer, CNB. As you are aware, you received a **retention/recognition bonus payment** in the amount of $11,900.00 on March 4, 2021. **You left the employment of CNB before the bonus amount vested**. Therefore, you owe CNB the total sum of $11,900.00. (Emphasis Added).

(D.E. 1-1)

6.   Within the First Communication, the Plaintiff alleges that the Defendant failed to identify himself as a debt collector, failed to disclose that any information obtained would be used to collect a debt, and demanded that the Plaintiff repay the $11,900.00 within seven (7) days of the date of the letter. (D.E. 1)

7.   The Plaintiff contended in the Original Complaint that by demanding payment within seven (7) days of the date of the First Communication, the Plaintiff's right to dispute the debt was allegedly overshadowed. (D.E. 1)

8.   The Plaintiff also contended in the Original Complaint that the Defendant failed to provide her with written notice containing the information set forth under 15 U.S.C. §1692g(a). (D.E. 1)

9.   On June 14, 2023, the Plaintiff alleged that the Defendant sent her another letter ("Second Communication"), where the Defendant, for the second time, failed to disclose the same information that was required to be disclosed within the First Communication. (D.E. 1)

10. However, Exhibit 1-2 of the Plaintiff's Original Complaint reinforces the fact that the retention bonus is not consumer debt.

11. Specifically, Exhibit 1-2 states of the Plaintiff's Original Complaint states the following:

> On April 10, 2023, I sent you a letter advising that CNB was requesting the return of the **refundable bonus money paid to you**. I am enclosing a copy of the letter that was sent to you. According to our records, you should have received the letter, but we have not received any response from you. (Emphasis Added).

(D.E. 1-2)

12. Moreover, the Plaintiff's Original Complaint failed to plead any injuries that the Plaintiff suffered as a result of the Defendant's alleged FDCPA violations. (D.E. 1)

13. In fact, the Original Complaint only requested that the Court enter judgment against the Defendant for actual and statutory damages, reasonable attorney's fees and costs, and any other relief that the Court deemed appropriate under the circumstances. (D.E. 1)

14. On February 2, 2024, the Defendant filed its Motion to Dismiss the Plaintiff's Complaint, where the Defendant took the position that (1) the Plaintiff lacked standing to bring suit for failure to plead a concrete injury, and (2) the retention/recognition bonus accepted by the Plaintiff was not a consumer debt pursuant to 15 U.S.C. §1692a (5) of the FDCPA. (D.E.10)

15. On February 13, 2024, the Plaintiff amended her complaint, once as a matter of right, where she alleged the same violations against this Defendant under the FDCPA, with some newly added allegations. (D.E.11)

16. Interestingly within the First Amended Complaint, the Plaintiff has now categorized the compensation package as a "Forgiveable Loan" contradicting its prior categorization in the Original Complaint. (D.E. 11)

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

17. Moreover, the Plaintiff now alleges that she lost hours of sleep on at least five different occasions because she believed she could not dispute the alleged consumer debt. (D.E. 11)

18. The Plaintiff also alleges that she spent more than twelve (12) hours researching the matter whilst seeking to consult with an attorney and incurred more than $10.00 in travel costs due to the Defendant's alleged violation of the FDCPA. (D.E. 11)

19. However, the Plaintiff's First Amended Complaint still fails to establish that (1) the Plaintiff suffered a concrete injury for the purposes of establishing standing, and (2) the newly categorized "Forgivable Loan" is a consumer pursuant to 15 U.S.C. §1692a (5) of the FDCPA.

20. Therefore, the Plaintiff's First Amended Complaint should be dismissed in its entirety, with prejudice.

### a. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a Complaint is subject to dismissal of it fails to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). To prevail on motion to dismiss, a Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 ,678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a court considering a Motion to Dismiss must construe the facts alleged in the Plaintiff's Complaint in favor of the non-moving party, it is not required to accept as true mere legal conclusions disguised as factual allegations. *Iqbal,* 556 U.S. at 678.

Additionally, Rule 8(a)(2) requires a Plaintiff's Complaint to contain a "plain statement of the claim showing that the pleader is entitled to relief, in order to give the Defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly,* 550 U.S. at 554. While Rule

8(a)(2) does not require detailed factual support for the allegations asserted, "it demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

      A 12(b)(6) motion tests the facial sufficiency of the claim for relief. *Brooks v. Blue Cross*

*& Shield of Florida, Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). The Court may dismiss a

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "when, on the basis

of a dispositive issue of law, no construction of the factual allegations will support the cause of

action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th

Cir. 1993). Where a Complaint pleads facts that are merely consistent with a defendant's liability,

it stops short of the line between possibility and plausibility of entitlement to relief. *Iqbal*, 556

U.S. at 678

### III.  ARGUMENT

**A.  THE COURT SHOULD DISMISS THE PLAINTIFF'S FIRST AMENDED COMPLAINT IN ITS ENTIRETY BECAUSE THE PLAINTIFF FAILED FOR THE SECOND TIME TO PLEAD THAT SHE SUFFERED A CONCRETE INJURY AS A RESULT OF THE DEFENDANT'S ALLEGED FDCPA VIOLATIONS**

      The Plaintiff's First Amended Complaint against the Defendant for violating §1692, and

the applicable subsections of the FDCPA should be dismissed in its entirety because the Plaintiff

still failed to plead standing to bring the current lawsuit. Specifically, the Plaintiff's newly alleged

injuries within the First Amended Complaint still fail to show that she suffered an injury concrete

enough to establish standing to bring suit under the FDCPA.

      It is well known Federal Law that to establish standing to sue in federal court, "the plaintiff

must have (1) suffered a concrete injury in fact, (2) that is fairly traceable to the challenged conduct

of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo Inc.*

*v. Robins*, 578 U.S. 330, 331 (2016). The injury-in-fact requirement is the first and foremost of

standing's three elements. *Id*. The injury analysis often occurs at the pleading stage, where the

court is limited to the Complaint's "general factual allegations of injury resulting from the defendant's conduct to evaluate standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1994)

For an injury to be cognizable in federal court, an injury must be concrete; that is, it must be "real' and not "abstract". *Spokeo*, 578 U.S. 330 at 340. Therefore, a plaintiff cannot establish standing by simply pointing to a mere procedural violation of a statute. *Casillas v. Madsion Ave. Assocs.*, 926 F.3d 329, 333 (7th Cir. 2019) Rather, he must show that the alleged violation harmed, or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect. *Id.*

On January 8, 2024, the Plaintiff filed her Original Complaint in this case, where she clearly failed to allege that she suffered a concrete injury arising out of the Defendant's alleged violation §1692 of the FDCPA. (D.E.1) In fact, the Plaintiff's Complaint does not even attempt to point to a concrete injury. Instead, the Plaintiff's Complaint simply states the Defendant violated §1692g, §1692e and §1692g(b) of the FDCPA, and demands relief in the form of statutory damages, actual damages, reasonable attorney's fees and costs, and all other relief the Court deems just and proper. (D.E.1)

The Plaintiff filed her First Amended Complaint, once as a matter of right, in this matter on February 13, 2024. (D.E. 11) Within the First Amended Complaint, the Plaintiff attempted to establish a concrete injury by including new allegations stating that she (1) lost hours of sleep on at least five occasions because she believed she could not dispute the Consumer Debt with this Defendant, (2) expended more than twelve (12) hours of sleep researching the matter whilst seeking to consult and attorney, and (3) spent more than $10.00 in travel costs, due to this Defendant's alleged FDCPA violations. (D.E. 11) However, none of the newly alleged injuries are sufficient to demonstrate a concrete injury for the purposes of establishing standing.

7

The Seventh Circuit Court of Appeals addressed a nearly identical issue in the case of *Wadsworth v. Kross, Leiberman & Stone, Inc.,* 12 F.4th 665, 667 (7th. Cir. 2001). In *Wadsworth*, the Plaintiff was hired by Pharmaceutical Research Associates ("employer") to be a study manager responsible for developing clinical trials in September 2016. *Wadsworth*, 12 F.4th at 666. The Plaintiff's employer offered her a signing bonus of $3,750.00 that she'd receive after thirty days of employment. *Id*. Additionally, the Plaintiff would also receive a second payment in the amount of $3,750.00, which would be payable after one hundred eighty (180) days of employment. *Id.* However, if the Plaintiff voluntarily ended her employment, or if her employer fired her for cause within eighteen months of the second payment, the Plaintiff would be responsible for repaying the full amount to her employer. *Id*.

In *Wadsworth*, the Plaintiff collected both signing bonuses from her employer but was fired in September 2017 after one year of employment. *Id*. As a result, her employer hired a lawyer, Kross, Leiberman and Stone ("Kross"), to attempt to collect the debt from the Plaintiff. *Id.* In doing so, Kross communicated the same by sending the Plaintiff a letter in the mail and calling the Plaintiff a total of four times. *Id.* Similar to the Plaintiff in the case at bar, the Plaintiff in *Wadsworth* alleged that the Defendant (1) failed to provide complete written notice of her statutory rights within five days of the initial communication, and (2) failed to identify herself as a debt collector and/or state that she was attempting to collect a debt. *Id* at 666-67

In response, the Plaintiff sued Kross, alleging that Kross violated §1692(a), §1692(d) and §1692(e) of the FDCA. The Court found that the Plaintiff failed to establish that Kross's communications caused her any harm related to the FDCPA. *Id* at 668. Specifically, the court stated the following:

> When a debt collector fails to inform a debtor of his statutory rights, then the debtor has suffered a concrete injury "only if it impairs the [debtor's] ability to use [that information] for a substantive purpose that the statute envisioned.

*Bazile v. Fin. Sys. Of Green Bay Inc.*, 983 F.3d 274, 280 (7th Cir. 2020)

Specifically, this meant that "Wadsworth incurred a concrete injury only if Kross's failure to provide notice of her statutory rights caused her to suffer harm identified by the act, such as paying money she did not owe, or would have disputed." *Wadsworth*, 12 F.4th at 668.

The facts in *Wadsworth* and the case at bar are almost identical. Like the Plaintiff in *Wadsworth*, the Plaintiff here alleged that the Defendant violated §1692(g), §1692(e), and §1692(b) of the FDCPA by (1) failing to disclose the information required by §1692(a)(1)-(5), and (2) overshadowing the Plaintiff's right to dispute the Consumer Debt. (D.E.1) However, the Plaintiff fails to establish within her Complaint exactly how the Defendant's communications, attempting to collect a debt, caused the Plaintiff any harm related to the Defendant's alleged violations of the FDCPA. The Plaintiff simply states that the Defendant violated the subject sections of the FDCPA and demands relief, including but not limited to, actual and statutory damages. (D.E.1)

As previously stated in our Motion to Dismiss the Plaintiff's Complaint, even if the Plaintiff had alleged an injury, the Seventh Circuit Court of Appeals has "expressly rejected "stress" as constituting a concrete injury arising out of FDCPA violation." *Pennel v. Global Tr. Mgmt.,* 990 F.3d 1041, 1045 (7th Cir. 2021). It is also not enough for a Plaintiff to experience infuriation, disgust or a sense of indignation. *Wadsworth*, 12 F.4th at 668. Further, it still would not be enough for a Plaintiff to be annoyed or intimidated by an FDCPA violation. *Id.* Therefore, the newly alleged injuries in the First Amended Complaint are clearly still insufficient to establish a concrete injury for the purpose of establishing standing.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

Additionally, the Plaintiff also stated in its First Amended Complaint that she suffered loss of time and an invasion of her privacy and seclusion, as a result of the Defendant's alleged FDCPA violations. It is well known case law that the FDCPA does protect consumers from "abusive, deceptive, and unfair debt collection practices, and is meant to eliminate the same by debt collection. *Roger v. GC Services Limited Partnership*, 665 F.Supp.3d 1201, 1206 (S.D. Fla. Feb. 9, 2023) However, the abusive debt collection practices discussed above are ones that lead to personal bankruptcies, marital instability, the loss of jobs, and invasion of individual privacy. *Douglass v. Convergent Outsourcing*, 765 F.3d, 299, 302, (3rd. Cir. 2014). They do not include the less significant injuries that the Plaintiff pled in her First Amended Complaint.

Moreover, Federal Circuit Courts have ruled on what types of violations and behaviors result in a potential claim for Invasion of Privacy under the FDCPA. *See Daubert v. NRA group, LLC*, 861 F.3d 382, 393 (3rd. Cir. 2017). ("holding that sending a collection letter in an envelope that displays the debtor's bare account number implicates an invasion of privacy because an account number is a core piece of information pertaining to the debtor's status as a debtor"). *See also Barclift v. Keystone Credit Services, LLC.*, 2024 WL 655479, (3rd. Cir. 2024) ("holding that debt collectors contacting a debtor's friends, neighbors, relatives and employees results in a serious invasion of privacy").

In the Plaintiff's Original Complaint, she failed to plead or even allude to any facts to establish a concrete injury for the purpose of establishing standing. The Plaintiff made the same fatal mistake in her First Amended Complaint by including and describing newly alleged injuries that are still insufficient to establish the same. Therefore, the Plaintiff's First Amended Complaint should be dismissed in its entirety, with prejudice.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

**a. <u>AS ADDITIONAL GROUNDS FOR DISMISSAL, THE PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE THE ALLEGED DEBT IS NOT A CONSUMER DEBT PURSUANT TO 15 U.S.C. §1692a (5) OF THE FDCPA, NO MATTER HOW THE PLAINTIFF ATTEMPTS TO RE-CATEGORIZE IT.</u>**

Even if the Plaintiff's First Amended properly established standing by pleading a concrete injury as required, the Plaintiff's First Amended Complaint should still be dismissed in its entirety because the recognition/retention bonus is not a consumer debt pursuant to 15 U.S.C. §1692a (5).

To recover under the FDCPA, the Plaintiff must be able to establish that the money being collected qualifies as a "debt". *Agrelo v. Affinity Management Services, LLC.,* 841 F.3d 944,950 (11th. Cir. 2016). "The mere obligation to pay does not constitute a debt under the FDCPA." *Id.* According to the FDCPA, "any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. whether or not such obligation has been reduced to a judgment." 15 U.S.C. §1692a(5).

The Eleventh Circuit Court of Appeal has often construed consumer protection statutes broadly in order to favor the consumer. *See Ellis v. Gen. Motors Acceptance Corp.,* 160 F.3d 703,707 (11th Cir. 1998) (holding that a consumer protection statute is remedial in nature and therefore must be construed liberally to best serve Congress' intent) Therefore, if the transaction creates an obligation to pay, a debt is created. *Agrelo*, 841 F.3d at 950.

In the Plaintiff's Original Complaint, the Plaintiff failed to demonstrate that the subject debt is considered a consumer debt. The Plaintiff originally described the alleged debt as a negotiated compensation package between her and CNB, which was for her personal, family and household expenses. (D.E.1). Interestingly enough, the Plaintiff contradicts herself in her recently filed First Amended Complaint where she now alleges that the earlier described "negotiated

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

compensation package" was a "Forgivable Loan" (D.E.11) The Plaintiff also stated that the Forgivable Loan was not a part of the Plaintiff's bargained for-employment with CNB, due to it only being available to the Plaintiff at the sole discretion of CNB. (D.E.11)

However, the First Amended Complaint and exhibits attached thereto are very clear. The First Communication, attached as Exhibit 11-1 of the First Amended Complaint, identifies the money as a recognition of an employment bonus, and specifically states the following:

> I represent your former employer, CNB. As you are aware, you received a **retention/recognition bonus payment** in the amount of $11,900.00 on March 4, 2021. **You left the employment of CNB before the bonus amount vested**. Therefore, you owe CNB the total sum of $11,900.00. (Emphasis Added).

(D.E 11-2)

Clearly, the First Communication does not state or even allude to the idea that the bonus was given to the Plaintiff for personal, family, or household expenses as provided by the statute. Nor does it describe the retention/recognition bonus as a "Forgivable Loan" (D.E. 11-2) Moreover, the Second Communication, attached to the First Amended Complaint as Exhibit 11-2, reinforces the fact that the retention bonus was not a "Forgivable Loan" by referring to the money as a refundable bonus as seen below:

> On April 10, 2023, I sent you a letter advising that CNB was requesting the return of the **refundable bonus money paid to you**. I am enclosing a copy of the letter that was sent to you. According to our records, you should have received the letter, but we have not received any response from you. (Emphasis Added).

(D.E. 11-2)

Paramount to this issue is that the Plaintiff was not obligated to repay the money if she continued employment while the bonus amount vested. (D.E. 1-3) It is clear that the subject transaction did not create an obligation to repay at its inception. Instead, the Plaintiff's own actions in prematurely leaving CNB is what triggered her obligation to repay the bonus. If the Plaintiff

continued her employment with CNB for the required time, she would not have been obligated to repay the bonus and, certainly, would not have incurred said debt in the amount of $11,900.00. The Plaintiff's own actions contributed to the sign on bonus evolving into a debt and the Plaintiff cannot establish evidence to the contrary, even after raising the new facts in the First Amended Complaint.

Based on the foregoing, it is clear that the retention/recognition bonus that the Plaintiff accepted was not a consumer debt pursuant to 15 U.S.C. §1692a (5). Therefore, the Plaintiff's First Amended Complaint should be dismissed in its entirety, with prejudice.

## IV.   <u>CONCLUSION</u>

Based on the foregoing facts and legal authority, the Plaintiff's has failed for the second time to establish standing to bring this cause of action for the Defendant's alleged violations of the FDCPA. The Plaintiff has again failed to point to a single concrete injury that she suffered as a result of the Defendant's alleged violation. Moreover, the Plaintiff has failed to establish that the alleged "debt" is in fact a consumer debt, and even contradicts the allegations of her First Amended Complaint with her own Exhibits which were attached. As such, the Defendant respectfully requests that the Plaintiff's Complaint be dismissed in its entirety, with prejudice.

WHEREFORE, the Defendant, LAW OFFICES OF ROBERT P. FRANKEL, P.A., respectfully requests this Honorable Court enter an Order dismissing the Plaintiff's Complaint with prejudice and award any other form of relief this Court deems just and proper.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of February, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
**Counsel for Defendant, LAW OFFICES OF ROBERT P. FRANKEL, P.A.**
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (305) 350-5365
Facsimile  (305) 373-2294
Primary e-mail: blake.sando@csklegal.com
Secondary e-mail: julia.nelson@csklegal.com

By:   s/ Blake S. Sando
BLAKE S. SANDO
Florida Bar No.:  939293
JULIA M. NELSON
Florida Bar No.:  1044342

4101.0897-00/-1